## McCRAE *vs.* YOUNG.

[TRIAL OF THE RIGHT OF PROPERTY.]

1. *Declarations of defendant in attachment ; when part of the res gestæ.*—On a trial of the right of property, the declarations of the defendant in attachment, who is in possession of the property levied on, as to the character of this possession, are a part of the *res gestæ,* and as such, should be permitted to go to the jury for what they are worth.

2. *Contract ; what is evidence of a sale and not of agreement to sell.*—A contract in these words : "Know all men by these presents, that I have this day sold to Edward B. Young, ten bales of cotton, middling quality, to weigh six hundred pounds each ; and I further acknowledge that I have this day received ——— dollars as a part payment for said ten bales of cotton ; and it is understood that I am to keep the cotton, and to deliver the cotton when called for by said Young, and the balance then to be settled between us," is evidence of an actual bargain and sale of said cotton, and not a mere agreement to sell, if the cotton is in existence at the time of such sale.

3. *Cotton ; when sale becomes complete without delivery.*—A sale of ten bales

of cotton unginned, which, at the time of the sale, is in possession of the vendor, becomes complete, upon the full payment of all the price by the purchaser, though the same may not have been actually delivered, if the parties intended it as a sale, and treated it as a sale.

APPEAL from the Circuit Court of Barbour. Tried before the Hon. H. D. CLAYTON.

The facts of the case appear in the opinion.

SHORTER & BROTHER, for appellant.
J. L. PUGH, contra.

[No briefs came into the reporter's hands.]

PETERS, J.—This is a proceeding for the trial of the right of property levied on by attachment. It was commenced in the circuit court of Barbour county, in this State, on the 29th day of October, 1865. The property levied on was taken on the 18th day of October in the same year, and is described in the levy, as "six square bales of cotton, and 13,600 pounds of seed cotton, more or less." The appellant, McCrae, was the plaintiff in the attachment, and John W. Hall the defendant, and the claim was interposed by Edward B. Young, who is the appellee in this court. On the trial it was shown that the cotton levied on was on the plantation of the defendant, John W. Hall; the baled cotton at his press, and the seed cotton in his gin-house, in bulk. It was also shown, that Young had furnished the baling cloth with which the six bales were covered; and that the six bales weighed about five hundred pounds each. It was also attempted to be proven, that at the time of the levy, Hall, the defendant, was present and said the cotton seized under the attachment belonged to his son, an unmarried young man who was living with him. This testimony, so far as Hall's declarations were concerned, was objected to by the claimant, and it was excluded by the court; to which exclusion the plaintiff, McCrae, excepted. It was also proven, that the cotton in controversy was made on the plantation of the defendant, Hall, in the year 1863, and had remained there in his possession, since

and up to the time of the levy. There was some other testimony, but it is needless to state it, as it merely went to support that already detailed.

The claimant's testimony went to show, that in the fall of 1863, he purchased a lot of cotton from the defendant, Hall, in the town of Eufaula, in this State, which cotton was then on Hall's plantation; that said purchase was evidenced by an instrument in writing in these words:

"The State of Alabama, ) Know all men by these presents, Barbour county. } that I have this day sold to Edward B. Young, ten bales of cotton, middling quality, to weigh six hundred pounds each; and I further acknowledge that I have this day received —— dollars, as part payment for said ten bales of cotton; and it is understood that I am to keep the cotton and to deliver the cotton when called for by said Young, and the balance then to be settled between us. Fall of 1863. J. W. HALL."

The claimant also showed that he had furnished said Hall the bagging and rope to pack said ten bales of cotton on the day of said purchase, and that before said levy he had paid said Hall for said cotton, but none of it had ever been delivered; and claimant had never seen the cotton before the levy, and it had remained with Hall according to their contract ever since the purchase; that claimant did not know whether the cotton levied on was the identical cotton mentioned in the written contract above set out. It was admitted that Young purchased and paid for the cotton referred to by him, in good faith. It was also shown, that before the issuance of the attachment in this case, Hall and Young had a settlement for the balance of the cotton unpaid for, and that Young gave Hall a check on Young, Woods & Gardner, "for whatever was due on said cotton, and this check was paid."

On this evidence the jury found a verdict for the claimant, and judgment was given accordingly.

At the trial several charges were asked by the parties on both sides, upon which the ruling of the court was objected to by the appellant, and exceptions taken, and which have been assigned for error, but as they can not effect the case

hereafter in the views we take of it, except as herein noticed, they are not considered in this opinion.

The objection to the refusal of the court below to admit the declarations of the defendant, Hall, about the ownership of the cotton while in his possession, is well taken. The court erred in excluding Hall's declarations. It has been repeatedly decided, from a very early day in this State, that such declarations as to ownership are a part of the *res gestæ*, and must be received for what they are worth.— Shep. Dig. p. 591, § 104.

Here there was a sale and not a mere agreement to sell. The cotton was sold. Such is the language of the written instrument. There is no pretense of fraud in this transaction. This is forbidden by the admission, that the purchase and payment by Young were made in good faith. A sale is good between the parties without a delivery, when they so intend it and so treat it. But there was a sufficient delivery in this case. Though the purchaser did not take possession himself, the vendor did take such possession for him, and agreed to keep the cotton for him until called for. The vendor, by this stipulation in the contract of sale, became the agent or bailee of the purchaser to receive and keep the cotton for him.—Benj. on Sales, pp. 3, 213, 219, *et seq.*, 606 ; 2 Kent, 492.

But in whatever light the written contract is viewed, the sale became complete before the issuance and levy of the attachment. There was a certain ascertained quantity of cotton sold ; a part of the price was paid at the time of the sale, and bagging and rope sufficient to pack the whole lot was furnished by the purchaser ; the cotton was then in existence on the plantation of the vendor, and subsequently to the sale, and before the levy, a settlement was made between the parties for the balance, and the whole price was paid by Young. There was no proof showing that the cotton sold was a part of a larger lot, and needed separation. There were six bales at the press, and 13,600 pounds seed cotton in the gin-house, in bulk. This quantity of seed cotton would about complete the quantity sold ; that is, ten bales at six hundred pounds each. This construc-

40

tion agrees with the language of the contract. The words of the written instrument are: "I have this day sold to Edward B. Young ten bales of cotton;" and not that I have agreed to sell. This expression imports a completed transaction—a finished bargain and sale. I therefore think that the sale to Young was complete before the levy, and his claim must prevail over the title under the levy, if the cotton in dispute is the same that was sold by Hall to Young in the fall of 1863 ; and there was no fraud in the transaction, about which the court expresses no opinion.

For the error above pointed out, the judgment below is reversed, and the case is remanded for a new trial.